UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 09-CR-10312-RGS

UNITED STATES OF AMERICA

v.

STEPHEN C. DELANEY, JR.

RULINGS ON MOTIONS IN LIMINE
AND DEFENDANT'S MOTION TO DISMISS

March 30, 2011

STEARNS, D.J.

1. Motion in Limine to Exclude or Limit Testimony Related to Handwriting Identification. (Dkt #88)

ALLOWED. The government has not produced the expert handwriting examiner's report as required by the discovery order issued by Magistrate Judge Dein.

2. Motion to Admit the 1993 Convictions of Thomas Katz and Universal Group, Inc. (Dkt #87)

DENIED. The convictions are too stale to qualify as admissible.

3. Motion in Limine to Limit Testimony of Spring Randolph. (Dkt #91)

DENIED. The court accepts the government's explanation that Ms. Randolph will testify as fact witness only and will not inject the issue of "food safety" into her testimony.

4. Motion in Limine to Exclude Defendant's Prior "Bad Acts." (Dkt #92)

ALLOWED (subject to reconsideration should defendant open the door to impeachment).

5. Motion in Limine to Exclude the testimony of Maya Kamar (Dkt #89)

DENIED. The court is satisfied with the government's explanation that Ms. Kamar will testify as a fact witness and not as an expert.

6. Motion in Limine to Preclude the Government from Admitting by Certification the Frostar Business Records. (Dkt #97, 98, and 99)

DENIED on the government's representation that it will comply with Fed. R. Evid. 902(11).

7. Motion in Limine to Preclude the Government from Admitting by Certification the Universal Group Business Records. (Dkt #100)

ALLOWED, the records not having been shown to be trustworthy.

8. Motion in Limine to Preclude the Government from Admitting by Certification the Ocean Duke Business Records. (Dkt #107)

ALLOWED, the records not having been shown to be trustworthy.

9. Government's Motion in Limine to Admit Business Records by Certification.

ALLOWED in part and DENIED in part consistent with the rulings on Dkt ## 97, 98, 99, 100, and 107.

10. Motion to Dismiss Count 3 of the Indictment (Dkt #81).

<u>RESERVED</u> for ruling post-verdict. The court takes defendant's motion seriously, but on its research believes that the state of the law is too uncertain to deprive the government of an appeal of the issue should the court allow a judgment N.O.V. on Count 3.

                                            SO ORDERED.

                                            /s/ Richard G. Stearns

                                            _____
                                            UNITED STATES DISTRICT JUDGE